IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS M. FIRESTONE, | : | |
| Plaintiff, | : | 1:17-cv-2116 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MARK ROCKOVICH, *et al.*, | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **January 10, 2018**

Plaintiff, Travis M. Firestone ("Firestone"), a state inmate incarcerated at the Luzerne County Prison filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on November 17, 2017, naming as defendants Luzerne County Prison employees Mark Rockovich and Sam Hyder, and Luzerne County Manager, C. David Pedri. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **STANDARDS OF REVIEW**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules

of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. ALLEGATIONS OF THE COMPLAINT

Firestone alleges, *in toto*, as follows:

> Get charged $100.00 booking fee when enter Luzerne County Correctional Facility, which is to pay for reception in the jail which includes the dispursement [sic] of socks, underware [sic], towels etc., which we get all used whites (socks, underware [sic], towels).

2

> Mark Rockovich the Director of the jail allows this to happen, also Sam Hyder Deputy Warden does nothing about it when you write them with this concern.
>
> David Pedri County Manager allows this fee to be imposed upon reception when the taxpayers of the county pay for the necessities of the jail and Inmate needs.

(Doc. 1, pp. 2, 3). He indicates that he fully exhausted remedies available through the prisoner grievance procedure. (*Id.* at 2).

He seeks to have the "booking fee" removed or for inmates to be provided with new socks, underwear and towels. (*Id.* at 3). He also seeks monetary damages for emotional distress associated with the unlawful removal of 20 % of his money from his inmate account every time he receives money. (*Id.*)

## III. **DISCUSSION**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a

3

plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

It appears that Firestone is attempting to advance a due process claim. It is well-established that state prisoners maintain a property interest in the funds in their inmate accounts. *See Higgins v. Beyer,* 293 F.3d 683, 693 (3d Cir. 2000)*; see Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997). "Because the requirements of due process are 'flexible and cal[l] for such procedural protections as the particular situation demands,' " *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)), the Third Circuit has recognized that where a state must act quickly or it would be impractical or meaningless to provide pre-deprivation process, providing a post-deprivation process may be enough to satisfy the requirements of the Due Process Clause. *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 483-84 (3d Cir. 2014).

For instance, "when deductions from inmate accounts involve 'routine matters of accounting' based on fixed fees or where temporal exigencies require immediate action, pre-deprivation hearings are not required." *Montanez*, 773 F.3d at 484 (3d Cir. 2014) (citing *Tillman*, 221 F.3d at 422) (holding that prison officials could, consistent with the Constitution, deduct monies from inmates' accounts to

4

recover some of the costs of their imprisonment).); *see also Reynolds*, 128 F.3d at 180). Although inmates are entitled to some pre-deprivation notice of the prison's deduction policy. *Montanez* at 484 (citing *Reynolds*, 128 F.3d at 180). The post-deprivation remedy to address any accounting "mistakes such as erroneous assessments or incorrect takings might occur" through a grievance or other administrative remedy program, *i.e.* a post-deprivation process. *Tillman*, 221 F.3d at 422.

The "booking fee" of which Firestone complains, involves a routine matter of accounting based on a fixed fee. Consequently, no pre-deprivation hearing is required. To the extent that Firestone is entitled to some pre-deprivation notice of the prison's deduction policy, he clearly alleges that, upon reception at the Luzerne County Prison, inmates are notified of their responsibility to pay a $100.00 booking fee to cover the cost of socks, underwear, and towels, *inter alia*. (*Id.*) Further, he indicates on the face of his complaint that there is a post-deprivation remedy in the form of a prisoner grievance procedure available to him at the Luzerne County Prison. (Doc. 1, p. 2). Firestone's claim lacks facial plausibility.

He fares not better in alleging that he suffered emotional distress as a result of the taking of his money. The Prison Litigation Reform Act prohibits recovery of damages for mental and emotional injuries absent a showing of physical injury. 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 535-36 (3d Cir. 2003)

5

(requiring more than *de minimis* physical injury as predicate to allegation of emotional injury).

IV.     **CONCLUSION**

Based on the above, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.      **LEAVE TO AMEND**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED.R.CIV.P. 15(a)(2). Affording plaintiff an opportunity to amend would clearly be futile given the facts presented and the harm allegedly suffered.

V.      **CONCLUSION**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.